FILED & JUDGMENT ENTERED
Steven T. Salata

Dec 14 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

IN RE:
BLACKBIRD HOLDINGS, INC.                              CASE NO. 10-33405
EIN XX-XXX5757                                                    (Chapter 7)
        Debtor.

ORDER RE: OBJECTION OF GFINET, INC., VANTAGEPOINT
VENTURE PARTNERS 2006(Q), L.P., AND VP NEW YORK
VENTURE PARTNERS, L.P. TO THE CLAIM OF ALSTON & BIRD LLP

      THIS CAUSE coming on to be heard and being heard before the undersigned Judge of the United States Bankruptcy Court for the Western District of North Carolina, Charlotte Division, in open Court on November 16, 2011 (the "**Hearing**"), upon the objection of GFInet, Inc. ("**GFI**"), VantagePoint Venture Partners 2006 (Q), L.P. ("**VPVP**"), and VP New York Venture Partners, L.P. ("**VPNY**", and together with GFI and VPVP, the "**Series F Interest Holders**") to Proof of Claim No. 27 filed by Alston & Bird LLP (the "**October 7 Objection**") [Docket No. 141], Alston & Bird LLP's Response thereto (the "**Response**") [Docket No. 193], and the Supplemental Memorandum of the Series F Interest Holders in Further Support of the October 7 Objection (the "**Supplement**" and, together with the October 7 Objection, the "**Objection**") [Docket No. 211], and it appearing to the Court that there has been adequate "notice and a hearing" of this matter as that term is defined in the Bankruptcy Code and the Rules of Bankruptcy Procedure.  Present at the Hearing were Wayne Sigmon, Trustee and

attorney for the Trustee, William S. Smoak, Jr., attorney for the Series F Interest Holders and Sage M. Sigler, attorney for Alston & Bird LLP.  From arguments of counsel set forth in the Objection, the Response and at the Hearing, and having considered the entire record, for the reasons stated orally on the record on December 1, 2011, the Court makes the following:

## FINDINGS OF FACT

1.	On November 17, 2010 (the "**Petition Date**"), Blackbird Holdings, Inc. (the "**Debtor**") filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code, commencing the above-captioned bankruptcy case (the "**Bankruptcy Case**").

2.	The Bankruptcy Case was converted to a proceeding under Chapter 11 of the Bankruptcy Code effective February 16, 2011, but was re-converted back to a Chapter 7 proceeding on May 11, 2011.

3.	Wayne Sigmon was subsequently appointed as the Chapter 7 Trustee (the "**Trustee**") of the Debtor's bankruptcy estate by this Court.

4.	On August 22, 2011, the Series F Interest Holders filed proofs of interest in this Bankruptcy Case [Docket Nos. 110, 111 and 112].

5.	On September 9, 2011, Alston & Bird LLP ("**A&B**") filed Proof of Claim No. 27 in the amount of $318,299.19 (the "**Claim**") on account of legal services rendered to the Debtor and related expenses incurred in connection therewith, all of which legal services were rendered and related expenses were incurred by A&B prior to the Petition Date.  A&B did not attach to Proof of Claim No. 27 the invoices underlying and substantiating the Claim (the "**Invoices**").

6.	On September 26, 2011, the Trustee, filed his Objection to the Claim of Alston & Bird LLP (the "**Trustee's Objection**") [Docket No. 125] on the basis that A&B had not attached or otherwise provided the Invoices to the Trustee to substantiate the Claim.

7.	On October 5, 2011, A&B provided to the Trustee complete copies of the Invoices for legal services and expenses that comprise A&B's Claim.

8.	The Trustee subsequently reviewed the Invoices and, notwithstanding the Series F Interest Holders' Objection, determined that A&B's Claim is valid and supported fully by the Invoices, and that the amounts billed to the Debtor for legal services performed by A&B were reasonable.

9.	Thereafter, on October 13, 2011, the Series F Interest Holders requested the Invoices from A&B.

10.	On October 20, 2011, A&B declined to provide the Invoices to the Series F Interest Holders on the basis that the Invoices were subject to attorney-client privilege, to which the Trustee had succeeded, and that, given the Trustee's review and determination set forth in

paragraph 8 above, the Series F Interest Holders had no standing upon which to pursue the Objection.

11. On November 7, 2011, the Trustee withdrew his Objection to A&B's Claim [Docket No. 187].

12. Following the withdrawal of the Trustee's Objection, the Series F Interest Holders continued to pursue their pending Objection to A&B's Claim, asserting that they have an independent right to object to A&B's Claim and to conduct their own "reasonableness" review of the Invoices, notwithstanding the Trustee's determination that the Claim is reasonable and justified and that no basis exists to pursue an objection to the Claim.

13. The Series F Interest Holders have made no allegation that the Trustee has acted negligently or otherwise failed to examine proofs of claim or object to the allowance of any claim that is improper, including A&B's Claim, as required by 11 U.S.C. § 704(a)(5).

14. A&B asserts that the Series F Interest Holders lack standing to object to the Claim.

## CONCLUSIONS OF LAW

1. The Series F Interest Holders lack standing to object to A&B's Claim and the Objection should be overruled on that basis.[1]

2. Notwithstanding that 11 U.S.C. § 502(a) states that a claim is deemed allowed unless "a party in interest…objects," in a Chapter 7 case, the Chapter 7 trustee is the only party in interest with standing to object to claims unless the trustee declines to object to a particular claim and a party in interest obtains leave from the court to object to such claim. *In re Thompson (Kowal v. Malkemus)*, 965 F.2d 1136, 1147 (1st Cir. 1992).

3. Though this is a matter of first impression before this Court, this holding is consistent with at least two Fourth Circuit decisions, which demonstrate that Forth Circuit precedent is in line with the majority rule as stated by the First Circuit in *In re Thompson*. *See Rooke v. Reliable Home Equipment Co., Inc.*, 195 F.2d 667, 668 (4th Cir. 1952) (adopting the majority rule that, under the Bankruptcy Act, "a general creditor of a bankrupt has no right to contest another creditor's claim or to appeal from the refusal of the court to disallow it unless upon application the trustee has refused to do so and the district court has authorized the creditor to proceed in the trustee's name" and holding that a creditor lacked standing to prosecute an appeal without consent of the trustee and against the judgment of the referee); *In re Richman (Richman v. First Woman's Bank)*, 104 F.3d 654, 656-57 (4th Cir. 1997) (noting that the "swift and efficient administration of the bankrupt's estate…is achieved primarily by narrowly defining

---

[1] A&B also challenged whether the Series F Interest Holders have established that they are in fact "parties in interest" with an economic stake in the Bankruptcy Case. Because the Court has concluded that the Trustee is the only party in interest with standing to object to A&B's Claim, it is unnecessary for the Court to determine whether the Series F Interest Holders are "parties in interest" for purposes of this order.

3

who has standing in a bankruptcy proceeding," recognizing the general rule that "in a Chapter 7 proceeding, the trustee alone has standing to raise issues before the bankruptcy court and to prosecute appeals," and holding that a party's status as a "party in interest" does not convey upon the party standing to intervene in Chapter 7 bankruptcy proceedings, particularly in the absence of a showing that the party's interest is not adequately represented by the trustee).

4.    By filing the Trustee's Objection to A&B's Claim, reviewing the Invoices underlying the Claim and determining that no basis exists upon which to object to the Claim, the Trustee has satisfied his duties with respect to the Claim pursuant to 11 U.S.C. § 704(5). The Series F Interest Holders are not entitled to substitute their judgment for that of the Trustee and, as set forth above, lack standing to prosecute their Objection to A&B's Claim.

For these reasons, and for the reasons stated orally on the record during the telephonic hearing held on December 1, 2011, the Series F Interest Holders' Objection should be overruled.

IT IS THEREFORE ORDERED that Claim No. 27 filed herein by Alston & Bird LLP be, and hereby is, allowed as a general unsecured claim in the Bankruptcy Case in the amount of $318,299.19, plus interest pursuant to 11 U.S.C. § 726(a)(5).

This Order has been signed                                  United States Bankruptcy Court
electronically. The judge's
signature and court's seal
appear at the top of the Order.